# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3117

_____

Larry Griffis; Onita Griffis;     *
Carolyn Hudson,     *
    *
         Appellants,     *
    *    Appeal from the United States
      v.     *    District Court for the Eastern
    *    District of Arkansas.
Anadarko E & P Company, LP;     *
Anadarko Land Corporation;     *
Upland Industrial Development     *
Company; Chesapeake Exploration,     *
LLC,     *
    *
         Appellees.     *

_____

Submitted: March 9, 2010
Filed: June 8, 2010

_____

Before BYE, ARNOLD, and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Larry Griffis and others filed this action to quiet title in certain natural gas rights against Anadarko E&P Company, L.P., Chesapeake Exploration, LLC, and others. We refer to the plaintiffs as Mr. Griffis and to the defendants as Anadarko. Mr. Griffis claimed title to the mineral interests at issue as owner of the fee in the relevant property, and Anadarko traces its title to a reservation in a 1936 deed in the parties' common chain of title. The reservation, in pertinent part, excepted from the

grant "all of the minerals under the land ... together with the right to enter upon said land ... and ... drill for and remove minerals ... under the said land and to place ... such ... pipe lines ... as may be proper, necessary or convenient in ... drilling for or removal ... of any minerals." The district court[1] held that this language was, as a matter of law, sufficient to reserve in the grantor the right to natural gas and therefore entered judgment in favor of Anadarko. Mr. Griffis appeals and we affirm.

In this diversity case, we apply the substantive law of Arkansas. *See PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F.3d 825, 828 (8th Cir. 2008). The parties' arguments, and the district court's opinion, center mainly on what is known as the *Strohacker* doctrine because of its origin in *Missouri Pac. R.R. Co. v. Strohacker*, 202 Ark. 645, 152 S.W.2d 557 (1941). That case involved deeds executed in 1892 and 1893 that reserved "all ... mineral deposits" in the tract conveyed, and the Supreme Court of Arkansas concluded that, despite the reservation, the right to natural gas passed to the grantees. The successors to the grantees, the court held, were entitled to judgment because the party claiming the benefit of the reservation had not shown that, at the time and in the locale where the deeds were executed, gas production or exploration was general, and legal or commercial usage assumed that gas was "within the term 'minerals'." *Id.* at 646, 650-51, 401 S.W.2d at 558, 561. In the case before us, the district court decided that the *Strohacker* criteria were met as a matter of law and thus the reservation included the rights to natural gas.

We don't find it necessary to reach the interesting and surprisingly complex issue of whether Mr. Griffis's claim can pass muster under *Strohacker*, because we think that Anadarko was entitled to judgment on another ground. It is important for present purposes to recognize that the *Strohacker* decision dealt with deeds executed in 1892 and 1893 and that the court, speaking in 1941, observed that "it can no longer

---

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

be doubted that a reservation of minerals, or of mineral rights, is sufficient to identify oil and gas." *Strohacker*, 202 Ark. at 652, 152 S.W.2d at 561. What this means is that in any deed of Arkansas land executed on or after the date of the 1941 deed involved in *Strohacker*, a generic, unmodified reference to minerals includes the rights to natural gas as a matter of law. Presumably, that was because the Arkansas Supreme Court did not doubt that gas exploration or production was by that time general throughout the state or that legal or commercial usage everywhere in the state had by that time come to accept gas as a mineral. It was only old deeds that presented an interpretive difficulty.

But this is not the only Arkansas case that provides a bright-line temporal rule with respect to the meaning of a general grant or reservation of minerals. In *Sheppard v. Zeppa*, 199 Ark. 1, 133 S.W.2d 860 (1939), which dealt with a deed of Arkansas land executed in 1935, the court flatly held that a reservation of "the mineral rights in, upon and under" the relevant tract "was effective to withhold oil, gas, and other minerals from the conveyance." *Id.*, 199 Ark. at 12-13, 133 S.W.2d at 866. In other words, *Sheppard* established the principle that any deed of Arkansas mineral rights generally, executed at the time or after the deed in that case was executed, carries the rights to natural gas with it. Our confidence in this conclusion draws strength from the *Strohacker* court's citation of *Sheppard* with approval and from the structure of the *Strohacker* opinion itself. *Strohacker*, 202 Ark. at 651-52, 152 S.W.2d at 561. Since the deed from which Anadarko deraigned its title was executed in 1936, Anadarko was entitled to judgment.

Affirmed.

_____